UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

DARLENE WHALEY,
an individual

    Plaintiff,

vs.

CASE NO: 1:12-CV-191-M

KENTUCKY DOWNS, LLC,

    Defendant.
_____/

## COMPLAINT

Plaintiff, Darlene Whaley ("Plaintiff") by and through the undersigned counsel, hereby files this Complaint and sues Kentucky Downs, LLC, for injunctive relief, attorney's fees and costs pursuant to 42 U.S.C. §12181 *et seq*., ("Americans with Disabilities Act" or "ADA") and alleges:

## JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §12181 *et seq.,* (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction under 28 U.S.C. Sections 1331 and 1343.

2. Venue is proper in this Court, the Western District of Kentucky pursuant to 28 U.S.C. §1391 (B) and Local Rules of the United States District Court for the Western District of Kentucky.

3. Plaintiff, Darlene Whaley (hereinafter referred to as "Whaley") is a resident of the State of Alabama and is a qualified individual with a disability under the ADA.

Whaley suffers from what constitutes a "qualified disability" under the Americans with Disabilities Act of 1990, ("ADA") and all other applicable Federal statutes and regulations to the extent that she is an amputee who requires the use of a wheelchair for mobility. Prior to instituting the instant action, Whaley visited the Defendant's premises at issue in this matter and was denied full, safe and equal access to the subject property of Defendant due to its lack of compliance with the ADA. Whaley travels to Louisville, Kentucky frequently to visit with friends who reside there and maintains a bank account in Louisville, Kentucky for convenience given the frequency of her visits and continues to desire and intends to visit the Defendant's premises but continues to be denied full, safe and equal access due to the barriers to access that continue to exist.

4. The Defendant, Kentucky Downs, LLC, is a limited liability company registered to do business and, in fact, conducting business in the State of Kentucky. Upon information and belief, Kentucky Downs, LLC (hereinafter referred to as "Kentucky Downs") is the owner, lessee and/or operator of the real properties and improvements which is the subject of this action, specifically the Kentucky Downs racetrack (hereinafter referred to as the "Racetrack") located at 5629 Nashville Road in Franklin, Kentucky.

5. All events giving rise to this lawsuit occurred in the Western District of Kentucky.

### COUNT I - VIOLATION OF THE ADA

6. On or about July 26, 1990, Congress enacted the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101 *et seq*. Commercial enterprises were provided one and a half years from enactment of the statute to implement its requirements. The effective date of Title III of the ADA was January 26, 1992. 42 U.S.C. §12181; 20 C.F.R. §36.508 (A).

7. Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, the Racetrack owned by

Kentucky Downs is a place of public accommodation in that it is a European-style horse racetrack and entertainment facility that is owned and operated by a private entity and that provide goods and services to the public.

8. Defendant, Kentucky Downs has discriminated, and continues to discriminate against the Plaintiff, and others who are similarly situated, by denying access to, and full, safe and equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations at the Racetrack in derogation of 42 U.S.C §12101 *et seq*.

9. The Plaintiff has been unable to and continues to be unable to enjoy access to, and the benefits of the services offered at the Racetrack owned by Kentucky Downs. Prior to the filing of this lawsuit, Plaintiff visited the Racetrack at issue in this lawsuit and was denied access to the benefits, accommodations and services of the Defendant's premises and therefore suffered an injury in fact. In addition, Plaintiff continues to desire and intends to visit the Racetrack, but continues to be injured in that she is unable to and continues to be discriminated against due to the barriers to access that remain at the Racetrack in violation of the ADA. Whaley has now and continues to have reasonable grounds for believing that she has been and will be discriminated against because of the Defendant's continuing deliberate and knowing violations of the ADA.

10. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA 28 C.F.R. Part 36.

11. Kentucky Downs is in violation of 42 U.S.C. §12181 *et seq.* and 28 C.F.R. §36.302 *et seq.* and is discriminating against the Plaintiff as a result of *inter alia*, the following specific violations:

      (i)      No wheelchair accessible parking spaces are provided to the extent that adjacent access aisles are not provided at any parking spaces throughout

    the parking lot;

(ii) Outside the front of the building leading to the parking lot, the curb ramp by the ramp contains flared sides that are too steep;

(iii) The built up curb ramp to the front entrance has a running slope that is too steep and leads into the vehicular way;

(iv) The ramp provided on the back side of the building near the track that leads to the seating area on track level lacks handrails on both sides of the ramp and there is an abrupt change in level from the ramp to the grassy area;

(v) Wheelchair accessible seating is not provided at the racetrack as necessary to watch races;

(vi) In the women's downstairs toilet room located near the instant racing machines, the seat cover dispenser within the accessible toilet stall is too high for a wheelchair user;

(vii) In the downstairs toilet rooms located near the instant racing machines, an additional accessible toilet stall is not provided as required due to the number of toilet stalls provided;

(viii) In the downstairs toilet rooms located near the instant racing machines, the paper towel dispenser located near the lavatory is too high for a wheelchair user;

(ix) In the downstairs toilet rooms located near the instant racing machines, the mirrors are too high for a wheelchair user;

(x) Hand sanitizers provided throughout the gaming area are too high for wheelchair users;

(xi) The toilet rooms provided upstairs lack accessible signage;

(xii) In the upstairs toilet rooms, there is no standard wheelchair accessible toilet stall provided;

(xiii) In the upstairs toilet rooms, the pipes underneath the lavatory are not insulated;

(xiv) In the upstairs toilet rooms, the mirrors are mounted too high for a wheelchair user;

(xv) In the upstairs toilet rooms, the paper towel dispensers are mounted too high for a wheelchair user;

 (xvi) The self-betting machines upstairs are too high for a wheelchair user;

 (xvii) No lowered betting windows are provided upstairs for wheelchair users;

 (xviii) Wheelchair accessible seating is not provided at the table located on the back balcony near the track area;

 (xix) Wheelchair accessible seating is not provided in the downstairs bar area;

 (xx) Accessible signage is not provided at the downstairs toilet rooms located across from the bar,

 (xxi) In the downstairs toilet rooms located across from the bar, the pipes underneath the lavatories are not insulated;

 (xxii) In the downstairs toilet rooms located across from the bar, the mirror is too high for a wheelchair user;

 (xxiii) In the downstairs toilet rooms located across from the bar, the paper towel dispenser is too high for a wheelchair user;

 (xxiv) Sufficient clear floor space for a wheelchair user is not provided on the pull side of the toilet room entry doors;

 (xxv) Many of the slot machines on the downstairs level lack sufficient knee and toe clearance for a wheelchair user.

12. There are other current barriers to access and violations of the ADA at the Racetrack owned and operated by Kentucky Downs which were not specifically identified herein as the Plaintiff is not required to engage in a futile gesture pursuant to 28 C.F.R. Part 36, §36.501 and, as such, only once a full inspection is performed by Plaintiff or Plaintiff's representatives can all said violations be identified.

13. To date, the barriers to access and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

14. Pursuant to the ADA, 42 U.S.C. §12101 *et seq.* and 28 C.F.R. §36.304, Kentucky Downs was required to make its Racetrack, a place of public accommodation, accessible to persons with disabilities by January 28, 1992. To date, Kentucky Downs has failed to comply

with this mandate.

15. Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have her reasonable attorney's fees, costs and expenses paid by Kentucky Downs pursuant to 42 U.S.C. §12205.

16. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff's injunctive relief, including an Order to alter the subject facilities to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and closing the subject facilities until the requisite modifications are completed.

WHEREFORE, the Plaintiff demands judgment against Kentucky Downs, LLC and requests the following injunctive and declaratory relief:

A. That the Court declare that the property owned and administered by Defendant is violative of the ADA;

B. That the Court enter an Order directing Defendant to alter its facilities to make them accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

C. That the Court enter an Order directing Defendant to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow them to undertake and complete corrective procedures;

D. That the Court award reasonable attorney's fees, costs (including expert fees) and other expenses of suit, to the Plaintiff; and

E. That the Court award such other and further relief as it deems necessary, just and proper.

Dated this 6th day of October, 2012.

Respectfully submitted,

/s/ Edward I. Zwilling
Edward I. Zwilling, Esq.
Schwartz Zweben, LLP
600 Vestavia Parkway, Suite 251
Birmingham, Alabama 35216
Telephone:	(205) 822-2701
Facsimile:	(205) 822-2702
Email: ezwilling@szalaw.com

/s/ Jerry N. Higgins
Jerry N Higgins, Esquire
Law Office of Jerry N. Higgins, PLLC
Kentucky Bar No: 90310
3426 Paoli Pike
Floyds Knobs, IN  47119
(502) 625-3065-Telephone
(502) 625-7264-Facsimile
Email: jnh@jerryhigginslaw.com